# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEONTE DEMETRIUS MACK,** | * | |
| Petitioner, | * | |
| v. | * | Civil No. **PJM-17-1367** |
| | * | *Related to Crim. No. PJM 09-247* |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

*Pro se* petitioner Leonte Demetrius Mack has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 117. The Court has considered the Motion and the Government's Opposition. For the reasons set forth below, the Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2009, a federal grand jury indicted Mack on four counts: one for possession of a controlled substance with intent to distribute; one for possession of a firearm in furtherance of a drug trafficking crime; and two counts for felon in possession of a firearm and ammunition. After a four-day trial, a jury found Mack guilty on all four counts. The Court subsequently sentenced him to three hundred (300) months imprisonment, followed by five (5) years of supervised release.

After an unsuccessful appeal to the Fourth Circuit, Mack filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on August 10, 2012. ECF No. 79. On May 8, 2013, the Court denied his motion. ECF No. 85.

Mack then filed a Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to revise his sentence in light of Amendment 750 to the Sentencing Guidelines, which reduced the guidelines ranges for sentences imposed for convictions involving crack cocaine. ECF No. 112. The Court granted the Motion and reduced Mack's sentence from thee hundred (300) months imprisonment to two hundred and twenty-eight (228) months imprisonment. ECF No. 115.

On May 1, 2017, Mack filed a motion under 28 U.S.C. § 2244 in the Fourth Circuit, asking for leave to file a second or successive § 2255 motion. *See In re Leonte Mack*, 17-219, ECF No. 2. Before the Fourth Circuit could issue a ruling on the request, Mack filed the instant Motion asking the Court to vacate, amend or set aside his sentence pursuant to pursuant to 28 U.S.C. § 2255. ECF No. 117. The Government filed an opposition, to which Mack has not replied.

After Mack filed the present Motion to Vacate, the Fourth Circuit issued an Order denying Mack's request to file a second § 2255 motion. ECF No. 119.

## II. ANALYSIS

"A second or successive § 2255 motion may not be filed absent authorization to do so from the Court of Appeals." *Stockton v. United States*, 2013 WL 1345108, at *1 (D. Md. Apr. 1, 2013) (citing 28 U.S.C. § 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997 (en banc)). "Without such authorization, the district court lacks jurisdiction to hear the claims." *Id*. (citing *United States v. Winestock*, 340 F.3d 200, 208-09 (4th Cir. 2003)).

The present Motion to Vacate is Mack's second attempt to amend his sentence pursuant to § 2255 for which he needs permission from the Fourth Circuit to file, a fact that he himself admits in correspondence to the Fourth Circuit. *See* 4/25/17 Cover Letter to Fourth Circuit

attached to § 2244 Motion, *In re: Leonte Mack*, 17-219, ECF No. 2. Although Mack sought such permission, the Fourth Circuit denied his request. ECF No. 119. As a result, this Court lacks jurisdiction over the present Motion and may not consider the merits of Mack's claims.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Mack has not made the requisite showing here.

### IV. CONCLUSION

For the foregoing reasons, Mack's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 117) is **DENIED**. A Certificate of Appealability is **DENIED**.

A separate Order will **ISSUE**.

                                                      /s/

                                      **PETER J. MESSITTE**
                                **UNITED STATES DISTRICT JUDGE**

**March 29, 2018**