IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | * Crim. No. **PJM 09-00247** |
| | * |
| LEONTE MACK, | * |
| | * |
| Defendant. | * |

## **MEMORANDUM OPINION**

Defendant Leonte Mack has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. ECF No. 128. The Government has responded in Opposition, ECF No. 131, and Mack has Replied, ECF No. 132. For the reasons set forth below, the Court **GRANTS** the Motion and will reduce Mack's sentence on Count Two from 84 months imprisonment to 60 months imprisonment, to run consecutive to the sentence on Count One.

### I.

On May 6, 2009, Mack was charged by Indictment with four counts of criminal conduct: two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts One and Four), one count of possession with intent to distribute 5 grams or more of cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). ECF No. 1. After a four-day trial, a jury found Mack guilty on all four counts. ECF No. 46. The Jury's special verdict on Count Two found the amount of cocaine base attributable to Mack to be "5 grams or more, but less than 50 grams." *Id.*

The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of Mack's sentencing. The PSR determined that Mack had a base offense level of 28 pursuant to U.S.S.G. § 2D1.1, attributing between 35 and 50 grams of crack cocaine to him. While the PSR also concluded that Mack qualified as a career offender based on a prior reckless endangerment conviction and a prior robbery conviction, the Government pointed out at the April 8, 2010 sentencing that the reckless endangerment conviction may not be a "crime of violence" under § 4B1.1 and may not trigger the career offender designation. ECF No. 70. Accordingly, the Court declined to apply the career offender enhancement. Based on a final offense level of 28 and a criminal history category of IV, Mack faced a guidelines range of 110 to 120 months imprisonment as to Counts One and Four[1], 110 to 137 months imprisonment as to Count Two, and sixty months imprisonment as to Count Three. *Id.*

The Court subsequently sentenced Mack to 120 months imprisonment as to Count One, 120 months imprisonment as to Count Two to run consecutive to Count One, 120 months imprisonment as to Count Four to run concurrent to Count One, and 60 months imprisonment as to Count Three to run consecutive to all Counts. ECF 58. This resulted in a total sentence of 300 months imprisonment, followed by 5 years of supervised release. *Id.*

Following his unsuccessful appeal to the Fourth Circuit, Mack filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on August 10, 2012. ECF No. 79. On May 7, 2013, the Court denied the motion. ECF No. 85.

On October 5, 2016, Mack, through counsel, filed a Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines,

---

[1] The statutory maximum for Possession of a Firearm by a Convicted Felon is 10 years. *See* 18 U.S.C. § 924(a)(2). Therefore, as described at sentencing, ECF No. 70, in the Statement of Reasons, ECF No. 59, and in a June 1, 2012 Memorandum from U.S. Probation and Pretrial Services, the actual guidelines range for custody as to Counts One and Four was 110-120 months.

2

asking the Court to revise his sentence in light of Amendment 782, which reduced the guidelines ranges for sentences imposed for convictions involving crack cocaine. ECF No. 112. Since his total offense level decreased from 28 to 24, his new guidelines range was 77-96 months imprisonment. He requested that the Court impose a sentence of 84 months as to Count One, a 84 months sentence as to Count Two to run consecutive to the sentence on Count One, and a concurrent 84 months sentence as to Count Four, with the sentence on Count Three remaining unchanged. *Id.* The Government consented, ECF No. 114, and the Court granted the Motion, thereby reducing Mack's sentence from a total of 300 months imprisonment to 228 months imprisonment, ECF No. 115.

On May 1, 2017, Mack, *pro se*, filed a motion in the Fourth Circuit asking leave of that court to file a second or successive § 2255 motion. *See In re: Leonte Mack*, 17-219, ECF No. 2. Before the Fourth Circuit could issue a ruling on the request, on May 15, 2017, Mack filed another Motion asking the Court to vacate, amend, or set aside his sentence pursuant to 28 U.S.C. § 2255. ECF No. 117. On May 25, 2017, the Fourth Circuit issued an Order denying Mack's request to file a second § 2255 motion. ECF No. 119. This Court then found that it lacked jurisdiction over the § 2255 petition on the grounds that it was a successive petition on March 29, 2018. ECF No. 121.

On September 18, 2019, Mack, through counsel, filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. ECF No. 128. He seeks a reduction of his sentence on Count Two from 84 months incarceration to 24 months incarceration, to run consecutive to the sentence on Count One. The Government filed a response in Opposition on October 30, 2019. ECF No. 131. Mack filed his Reply on November 12, 2019. ECF No. 132. On November 20, 2019, Mack notified the Court that the Fourth Circuit had handed down its

decision in *United States v. Wirsing*, No. 19-6381. ECF No. 133. The Court then directed the Government to respond by December 5, 2019, ECF No. 134, which it did, ECF No. 135.

## II.

The starting point for analysis is the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, which implemented mandatory minimums for offenses involving specific weights of certain drugs including crack cocaine and powder cocaine. Notably, the Anti-Drug Abuse Act of 1986 contained a 100-to-1 ratio that treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). Since then, and as the Fourth Circuit recently described in *Wirsing*, the 100-to-1 ratio has been heavily criticized, including on the grounds that "it "promotes unwarranted disparity based on race." *Kimbrough*, 552 U.S. at 98 (citing United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy iv (May 2002), available at http://www.ussc.gov/r_congress/02crack/ 2002crackrpt.pdf).

In an attempt to reduce, though not quite eliminate, this inequality, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). The FSA increased the amounts of crack cocaine necessary to trigger mandatory minimum sentences for certain trafficking offenses. *See id*. Relevant here, the FSA increased the amount necessary to trigger a five-year mandatory minimum sentence from five to twenty-eight grams of crack cocaine. *See id.* The FSA "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1." *Dorsey v. United States*, 567 U.S. 260, 269 (2012)

The Formerly Incarcerated Reenter Society Transformed Safely Transition Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act'), enacted on December 21, 2018, then allowed Courts to "on motion of the defendant ... impose a reduced sentence" for a criminal

4

defendant (1) who was convicted of a "covered offense," *i.e.*, a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]"; (2) if the offense was committed before August 3, 2010; and (3) if the defendant did not already receive a reduction under the FSA or the First Step Act. *United States v. Robinson*, 2019 WL 3867042, at *2 (D. Md. Aug. 15, 2019).

The Parties agree that Mack's offense is a "covered offense" under the First Step Act. In addition, his offense was committed before August 3, 2010, and he has not received a reduction under the FSA or the First Step Act, thereby satisfying the second and third conditions of the First Step Act.

Instead, the Government argues that though the Court can reconsider Mack's sentence, it should not do so because the FSA had no effect on his guidelines range and the Court in 2016 had imposed a sentence within the guidelines range. The Government states that not reducing Mack's sentence would be "consistent with the requirement of Section 404 to 'impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" ECF No. 131 (citing the First Step Act § 404(c)).

The Government then argues that the request for relief should be analyzed under the "analogous" framework of a request for sentence reduction based on a retroactive guideline amendment pursuant to 18 U.S.C. § 3582(c)(2). Notably, 18 U.S.C. § 3582(c)(2) precludes a sentencing reduction to a term of imprisonment less than the amended guidelines range, unless the defendant received a sentence below the guidelines range in effect at the time of the initial sentencing due to the defendant's substantial assistance to authorities. U.S.S.G. §§ 1B1.10(b)(2)(A), (B).

The Court held in *Robinson*, and the Fourth Circuit has now confirmed in *Wirsing*, that motions to reduce sentence pursuant to the First Step Act should be brought under 18 U.S.C. § 3582(c)(1)(B). *See Robinson*, 2019 WL 3867042, at *4-5; *see also Wirsing*, No. 19-6381, ECF No. 50, at 14. As such, the Court clearly can further reduce Mack's sentence, including to a below-guidelines sentence. The Court now considers whether it should.

### III.

In determining whether the Court should reduce Mack's sentence, it turns to the 18 U.S.C. §3553(a) factors and post-conviction behavior. *See Robinson* 2019 WL 3867042, at *5; *see also United States v. Logan*, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *see also United States v. Turner*, No. TDC-06-0274, ECF No. 50 at 3-4 (D. Md. June 28, 2019).

Both parties agree that with an offense level of 24 and criminal history category IV, the guidelines range remains unchanged at 77-96 months. However, Mack asks for a reduction to 24 months incarceration, to run consecutive to the sentence on Count One, based on his productive use of time in custody and his growth while incarcerated. He argues that this will result in a total sentence of 168 months, or 14 years, which accomplishes the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Government opposes any reduction, arguing that mere eligibility for a reduced term of imprisonment does not entitle Mack to a reduction, pointing to the fact that in 2016, the Court imposed a sentence in the middle of the guidelines range. Then, applying the § 3553(a) factors, the Government directs the Court to the heinous "nature and circumstances of the offense," which included Mack attempting to shoot an individual, Mack's "history and characteristics," which includes two prior convictions of reckless endangerment after he fired a shotgun at a group of

people with the intent to murder a rival, and his behavior during incarceration, which includes 13 disciplinary infractions.

The Court generally agrees with the Government. The Court here, unlike in *Robinson*, does not find the facts of the case merit a reduction of Mack's sentence on Count Two to 24 months incarceration, to run consecutive to the sentence on Count One. His "history and characteristics" and the "nature and circumstances of the offense" counsel against such a large reduction. Furthermore, he has amassed a negative disciplinary record in custody. ECF No. 128-1. This includes a 100-level infraction for possessing a dangerous weapon, *only slightly more than a year ago*, and introducing drugs and alcohol in 2014. *Id.*

However, the Court will reduce Mack's sentence on Count Two to 60 months, to run consecutive to the sentence on Count One, for two reasons. First, the Court notes that Mack seemingly has been productive in custody and has "consistently maintained good work evaluations with his work supervisors." *Id.* Second, the Court wishes to acknowledge the purpose of the First Step Act and the fact that today, in order to trigger a five-year mandatory minimum sentence for possession of crack cocaine, twenty-eight grams of crack cocaine are required rather than just five grams. While Mack's conduct leading to these charges was, to be sure, "serious," ECF No. 70, and the Court has already reduced his sentence in light of Amendment 782, the Court recognizes that a purpose of the First Step Act and the FSA was to reduce the discrepancy between the treatment of crack cocaine and powder cocaine.

For the foregoing reasons, the Court **GRANTS** Mack's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and reduces his sentence on Count Two from 84 months incarceration to 60 months incarceration, to run consecutive to the sentence on Count One.

A separate Order will ISSUE.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**December 20, 2019**